1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10

11

DAVID ROWLAND YOUNG,
CDCR #V-28942,

12

                                    Plaintiff,

13

14

15                          vs.

16

17

UNNAMED, Secretary of the California
Department of Corrections and
Rehabilitation,

18

19

20                                  Defendant.

21

22

Civil No.     14cv1013 BTM (RBB)

**ORDER:**

**(1)  DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)(1) AND 42 U.S.C. § 1997e(a)**

**AND**

**(2)  DENYING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND TO  APPOINT COUNSEL AS MOOT**

**[Doc. Nos. 2, 3]**

23

24

25

        David Rowland Young ("Plaintiff"), currently incarcerated at Centinela State Prison ("CEN") in Imperial, California, and proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 ("Compl.") (Doc. No. 1).

26

27

28

        Plaintiff claims an unnamed Secretary of the California Department of Corrections and Rehabilitation ("CDCR") has violated his Eighth Amendment right to be free of cruel and unusual punishment since March 2004 at four separate prisons by failing to

1  provide "proper and professional prison management," and generally permitting

2  "institution heads" at North Kern State Prison, Ironwood State Prison, Chuckawalla

3  Valley State Prison, and CEN to subject him to "the laws of Jim Crow."  *See* Compl. at

4  1, 3, 6-11.  Plaintiff seeks $150 million in general and $125 million in punitive damages.

5  *Id.* at 15.

6      Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a);

7  instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28

8  U.S.C. § 1915(a) (Doc. No. 2).  Plaintiff has also filed a Motion to Appoint Counsel

9  (Doc. No. 3).

10  **I.    SCREENING OF PLAINTIFF'S COMPLAINT PER 28 U.S.C. § 1915A**

11      **A.    Standard of Review**

12      Pursuant to 28 U.S.C. § 1915A, enacted as part of the Prison Litigation Reform

13  Act ("PLRA"), "the court shall review, . . . as soon as practicable after docketing, a

14  complaint in a civil action in which a prisoner seeks redress from a governmental entity

15  or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a); *Hamilton v.*

16  *Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011).  A prisoner under § 1915A is "any person

17  incarcerated or detained in any facility who is accused of, convicted of, sentenced for,

18  or adjudicated delinquent for, violations of criminal law or the terms and conditions of

19  parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

20      "On review, the court shall identify cognizable claims or dismiss the complaint,

21  or any portion of the complaint, if [it] (1) is frivolous, malicious, or fails to state a claim

22  upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

23  immune from such relief."  28 U.S.C. § 1915A(b); *Hamilton*, 630 F.3d at 892 n.1.

24  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the

25  context of [a motion to dismiss] under Federal Rule of Civil Procedure 12(b)(6)."

26  *Wilhelm v. Rotman,* 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).

27      "A complaint is subject to dismissal for failure to state a claim if the allegations,

28  taken as true, show the plaintiff is not entitled to relief."  *Jones v. Bock*, 549 U.S. 199,

215 (2007); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (a complaint fails to state a claim if it fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." ) (citing FED.R.CIV.P. 8(a)(2)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *Wilhelm*, 680 F.3d at 1121.

## B.   Plaintiff's Allegations

First, Plaintiff names only an unidentified Secretary of the CDCR as the sole Defendant.  He seeks damages against the Secretary based on claims that he is tasked with the responsibility to manage the State's prisons pursuant to Cal. Penal Code § 5054, yet has failed to properly supervise "correctional . . . officer[s]" at four separate prisons where Plaintiff has been confined over the last ten years.  *See* Compl. at 2, 3.  Plaintiff concludes the Secretary's "dereliction of duty" and "mismanagement" of subordinates violates the Eighth Amendment's prohibition on cruel and unusual punishment.  *Id.* at 12.

There is no respondeat superior liability under 42 U.S.C. § 1983, however. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *see also Iqbal*, 556 U.S. at 676 ("[V]icarious liability is inapplicable to . . . § 1983 suits.").  Instead, a plaintiff "must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution."  *Iqbal*, 556 U.S. at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff includes sufficient facts in his Complaint to show:  (1) how or to what extent they personally participated in or directed a subordinate's actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *Starr*, 652 F.3d at 1207-08.  "A pleading that offers 'labels and conclusions'" fails to state a claim. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

As pleaded, Plaintiff's Complaint fails to include *any* "factual content that [would] allow[] the court to draw [a] reasonable inference" that an unnamed Secretary of the CDCR personally participated in, directed, or caused him to suffer the "unnecessary and wanton infliction of pain" which is prohibited by the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Iqbal*, 556 U.S. at 678.  For this reason alone, Plaintiff's Complaint fails to state a claim upon which section 1983 relief can be granted. *See* 28 U.S.C. § 1915A(b); *Wilhelm*, 680 F.3d at 1121.

Second, "[a]mong other reforms, the PLRA mandates early judicial screening . . . and requires prisoners to exhaust prison grievance procedures before filing suit." *Jones v. Bock*, 549 U.S. 199, 202 (2007).  While the "failure to exhaust is an affirmative defense under the PLRA," *id.* at 216, a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears plainly on its face. *Id.* at 215; *see also Albino v. Baca*, 747 F.3d F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where "a prisoner's failure to exhaust is clear from the face of the complaint," his complaint is subject to dismissal for failure to state a claim), *pet. for cert. filed*, July 2, 2014 (No. 14-82); *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), *overruled on other grounds by Albino*, 747 F.3d at 1166.

Applying these standards, the Court finds that in addition to failing to state an individualized Eighth Amendment claim against the Secretary, Plaintiff's Complaint

1   must be also dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1)

2   because he concedes on the face of his pleading that he failed to exhaust all available

3   administrative remedies as required by 42 U.S.C. § 1997e(a) *before* he filed suit.  *See*

4   Compl. at 14; *Vaden v. Summerhill*, 449 F.3d 1047, 1050-51 (9th Cir. 2006).

5        The PLRA also amended 42 U.S.C. § 1997e to provide that "[n]o action shall be

6   brought with respect to prison conditions under section 1983 of this title, or any other

7   Federal law, by a prisoner confined in any jail, prison, or other correctional facility until

8   such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  The

9   requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001);

10  *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written

11  a statute making exhaustion a precondition to judgment, but it did not.  The actual statute

12  makes exhaustion a precondition to suit." ).  "The bottom line is that a prisoner must

13  pursue the prison administrative process as the first and primary forum for redress of

14  grievances.  He may initiate litigation in federal court only after the administrative

15  process ends and leaves his grievances unredressed." *Vaden*, 449 F.3d at 1051.

16       The State of California provides its prisoners and parolees the right to appeal

17  administratively "any policy, decision, action, condition, or omission by the department

18  or its staff that the inmate or parolee can demonstrate as having a material adverse effect

19  upon his or her health, safety, or welfare." CAL. CODE REGS. tit. 15, § 3084.1(a).  In

20  order to exhaust available administrative remedies within this system, a prisoner must

21  generally proceed through three levels of review:  (1) a first level written appeal,

22  submitted on a CDCR Form 602, which describes "the specific issue under appeal and

23  the relief requested"; (2) a second level written appeal to the institution head or his

24  equivalent; and (3) a third level written appeal to the Secretary of the CDCR, which is

25  reviewed by a designated representative under the supervision of the third level Appeals

26  Chief or his equivalent. *See Woodford v. Ngo*, 548 U.S. 81, 85-86 (2006); *see also* CAL.

27  CODE REGS. tit. 15, §§ 3084.2(a); 3084.7(a)-(c), (d) (Jan. 1, 2014).  A final decision from

28  the third level of review "exhausts administrative remedies" under 42 U.S.C. § 1997e(a).

1  *See Lira v. Herrera*, 427 F.3d 1164, 1166–67 (9th Cir. 2005); *see also* CAL. CODE REGS.

2  tit. 15, § 3084.7(c), (d)(3) (Jan. 1, 2014).

3      In this case, Plaintiff used the Court's form Complaint under the Civil Rights Act,

4  42 U.S.C. § 1983, which asks if he has "previously sought and exhausted all forms of

5  informal or formal relief from the proper administrative officials regarding the acts

6  alleged . . . [E.g., CDC Inmate/Parolee Appeal Form 602, etc.]?" *See* Compl. (Doc. No.

7  1) at 14. In response, Plaintiff circles the word "No." *Id.* And while the form Complaint

8  further asks, "If your answer is 'No', briefly explain why administrative relief was not

9  sought," Plaintiff asserts he is simply "under no obligation . . . to file a 602 . . . when

10  [the] CDCR violated federal order (law) and violated Plaintiff's civil rights." *Id.*

11  Section 1997e(a) however, unquestionably requires otherwise. *Booth*, 532 U.S. at 741;

12  *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding that § 1997e(a)'s mandatory

13  exhaustion requirement "applies to all inmate suits about prison life, whether they

14  involve general circumstances or particular episodes, and whether they allege excessive

15  force or some other wrong.").

16      Thus, based on Plaintiff's concession of nonexhaustion, which is clear and

17  unequivocal on the face of his Complaint, *see Albino*, 747 F.3d at 1166; *Wyatt*, 315 F.3d

18  at 1120, the Court finds that even if Plaintiff had sufficiently alleged an Eighth

19  Amendment claim against the Secretary, his Complaint would still be subject to

20  dismissal. *Jones*, 549 U.S. at 215; 28 U.S.C. § 1915A(b)(1). The "exhaustion

21  requirement does not allow a prisoner to file a complaint addressing non-exhausted

22  claims." *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (citing *McKinney*,

23  311 F.3d at 1199).

24  **II.   CONCLUSION AND ORDER**

25      Accordingly, the Court **ORDERS** that:

26      1.   Plaintiff's action is **DISMISSED** without prejudice for failing to state a

27  claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1) and 42

28  U.S.C. § 1997e(a);

1    2.    Plaintiff's Motions to Proceed IFP and to Appoint Counsel [Doc. Nos. 2,

2  3] are **DENIED** as moot; and,

3    3.    The Clerk of Court shall enter a final dismissal of this action without

4  prejudice and close the file.[1]

5

6

DATED:  October 14, 2014

7

8  _____
   BARRY TED MOSKOWITZ, Chief Judge
9  United States District Court

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

[1]  While the Court typically grants leave to amend liberally in pro se cases, Plaintiff's conceded failure to exhaust is not a pleading defect which might be cured by the allegation of additional facts.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  Leave to amend is properly denied "if amendment would be futile." *Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (citing *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010)).

14cv1013 BTM (RBB)